IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLOTTE SMITH; CHANDLER SMITH, A CHILD,
BY HIS MOTHER, CHARLOTTE SMITH; AND
DARIUS SMITH, A CHILD, BY HIS MOTHER,
TAJUANA SMITH, GUARDIAN                                                    PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 1:07CV113-M-D

CITY OF NETTLETON and
GERRY TURNER, IN HIS OFFICIAL
CAPACITY AS POLICE OFFICER                                                 DEFENDANTS

**ORDER**

This cause comes before the court on the motion of defendants City of Nettleton ("the City") and Gerry Turner for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted as to plaintiffs' federal claims. The court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, and these claims will be dismissed without prejudice to being re-filed in state court.

This is, *inter alia*, a 42 U.S.C. § 1983 action brought by plaintiffs Charlotte Smith, Chandler Smith, and Darius Smith against the City and its former police officer Gerry Turner for, *inter alia,* false arrest and excessive force in violation of the First, Fourth, and Fourteenth Amendments. The instant case arises out of an incident in which Smith was arrested by Turner

1

after a fight in which Smith was merely a bystander. On January 22, 2006, Smith and her sons, Chandler and Darius, went to the Dollar General store in Nettleton, Mississippi to purchase some household items. A fight broke out in the parking lot of the store, and Smith assisted the manager of the store in breaking up the fight. Soon afterwards, Officer Turner arrived on the scene, whereupon Smith encouraged him to make an arrest. Officer Turner responded that he was not going to arrest anyone and that any aggrieved party wishing to file a complaint should do so at the police department the next day.

>In her complaint, Smith describes the subsequent events as follows:
>
>Being somewhat frustrated, Charlotte Smith got into the car with the minor children and muttered, in a relatively low voice, "I've had enough of this shit." Immediately thereafter, Gerry Turner, still acting under color of state law, forced Mrs. Smith out of the car in the presence of the children and proceeded to handcuff her in front of the minor children and pinned her against the wall or car. By these actions, the children became hysterical and then the officer sprayed these children with pepper spray and maliciously filed charges against them in the youth court while still acting under the color of the City and State authority. Turner filed charges of public profanity against Smith. The charge of public profanity was later tried in spite of the fact that it should have never been tried. The City Judge, after a lengthy trial, in the municipal court, correctly found Charlotte Smith not guilty.

On May 11, 2007, plaintiffs filed the instant action in this court, asserting federal and state claims arising out of Officer Turner's alleged actions.

In addressing the summary judgment issues in this case, the court would emphasize that it has before it claims against the City of Nettleton and against Officer Turner in his <u>official</u> capacity. On August 26, 2008, the Magistrate Judge entered an agreed order, signed by counsel for plaintiffs, stating as follows:

>The Court finds that all interested parties have agreed that since the inception of this lawsuit, the actual party that has been sued is the City of Nettleton,

> Mississippi and its former Police Officer, Gerry Turner, in his official capacity as a police officer. At all times, both parties have considered the City of Nettleton to be the actual Defendant and not the Mayor himself, nor the Police Chief. By agreement of the parties, without the necessity of any further process *nunc pro tunc*, dating from the filing of the original suit, the City of Nettleton is substituted as the Defendant in the place of the former Mayor Brandon Presley and the former Police Chief Thomas Adams. The remaining Defendant is Gerry Turner who is sued in his official capacity as a police officer.

Plaintiffs have not sought to object to this order, nor to defendants' characterization of this action as being solely against Turner in his official capacity.

It is unclear to this court why plaintiffs chose to proceed against Turner solely in his official capacity, since they may well have had viable § 1983 claims against him individually.[1] Clearly, it is considerably more difficult to establish official liability against a municipality under § 1983 than it is to establish liability against an officer individually, and a § 1983 claim against an officer in his official capacity is tantamount to a claim against the municipality itself. It is well established that, under § 1983, municipalities are liable only for their own acts and not those attributed to them by principles of respondeat superior. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality, as well as officers thereof acting in their official capacity, can be held liable under § 1983 only if a municipal "official policy or custom" caused the deprivation of a constitutional right. *Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997).

In this case, it is apparent that the alleged actions by Officer Turner were not made pursuant to any official policy or custom on the part of the City. In contending otherwise, plaintiffs appear to argue that the City failed to adequately train and/or supervise Turner, thus

---

[1] Plaintiffs may have felt that they would be unable to collect any judgment against Turner individually, although the record is unclear in this regard.

resulting in the alleged constitutional violations in this case. However, the U.S. Supreme Court has made it extremely difficult for plaintiffs to prevail on such arguments by holding that "[t]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 1204, 103 L. Ed. 2d 412 (1989).

The Supreme Court has clarified that to demonstrate deliberate indifference on the part of a municipality in this context, a showing of "simple or even heightened negligence will not suffice." *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). The Supreme Court has likewise made it extremely difficult for plaintiffs to hold a municipality liable for its decision to hire an employee who later commits constitutional violations. In *Brown*, the Supreme Court held that, to establish the requisite degree of culpability on the part of a municipality, the evidence must support a finding that the employee hired by the municipality was "highly likely to inflict the particular injury suffered by the plaintiff." *Brown*, 520 U.S. at 412. It is thus apparent that the Supreme Court has made it exceedingly difficult for plaintiffs to hold a municipality liable under § 1983 for the actions of one of its officers under either a negligent supervision or a negligent hiring theory. Having elected to seek recovery against Turner solely in his official capacity, plaintiffs thus face a very difficult burden of proof in attempting to recover under their federal claims in this case.

In attempting to demonstrate deliberate indifference on the part of the City in this case, plaintiffs argue as follows:

Records in the file indicate [Turner] has a history of problems with violence,

4

> outbursts of temper and misuse of pepper spray and of course Nettleton being a
> co-charter city by law operates under the direct supervision of the police chief
> which by direct inference in this case indicates there was absolutely no
> supervision by the police chief or in fact mayor. He acted without any
> supervision. Furthermore, the records indicate that he continued to work in spite
> of complaints being made against him.

Plaintiffs thus rely upon very vague arguments in this regard, failing to specify the exact nature of any such prior incidents involving Turner, nor the City's awareness of and response to same. For its part, the City has submitted an affidavit from its former Police Chief Thomas Adams in which Adams specifically addresses the only two prior complaints which, to his knowledge, were filed against Turner. In his affidavit, Adams explains how he investigated each incident prior to concluding that Turner had acted reasonably. While the court makes no findings regarding these prior incidents, it is clearly incumbent upon plaintiffs to produce more than vague arguments in order to meet the extraordinarily high burden of demonstrating deliberate indifference in this case, and they have failed to do so. The Magistrate Judge noted in a prior order that plaintiffs have "not been diligent in pursuing discovery" [docket entry 68-1] in this case, and it seems clear that this failure has left them with few facts to support their claims against the City and against Turner in his official capacity. While plaintiffs do appear to have established facts which might give rise to individual liability on Turner's part under § 1983, they have elected not to pursue these claims in this action. Plaintiffs' § 1983 claims are therefore due to be dismissed.

The court would note that, at this juncture, the sole remaining claims before it are plaintiffs' state law claims, including claims asserted under the Mississippi Tort Claims Act (MTCA). In a case such as the instant one, where all federal claims are dismissed prior to trial, 28 U.S.C. § 1367(c)(3) gives this court discretion to decline to exercise supplemental

jurisdiction over the remaining state law claims. Indeed, the Fifth Circuit has noted that the "general rule favor(s) dismissal of state claims when the federal claims to which they are pendent are dismissed," *see Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999), and the court concludes that it should follow the general rule in this case. In so concluding, the court places significant weight upon the fact that the Mississippi Supreme Court has expressed a strong preference that MTCA claims be litigated before a circuit judge, observing that "circuit court is *the* proper court for a tort claims act case." *City of Ridgeland v. Fowler*, 846 So. 2d 210, 214 (Miss. 2003). Circuit courts in this state have developed considerable expertise in serving as triers of fact in MTCA cases, and Mississippi appellate courts have extensive experience in applying the provisions of the MTCA. While federal judges may serve as MTCA triers of fact in appropriate cases, *see Turner ex rel. Turner v. North Panola School Dist.*, 2007 WL 2359773 (N.D. Miss. 2007), it clearly seems preferable for state circuit judges to do so when there are no federal claims to consider. The court will therefore exercise its discretion to abstain from hearing plaintiffs' state law claims.

In light of the foregoing, it is ordered that defendants' motion for summary judgment [48-1] is granted as to the federal claims raised by plaintiffs in this case, and these claims are dismissed with prejudice. The court declines to exercise supplemental jurisdiction over the remaining state law claims, and these claims will be dismissed without prejudice to being litigated in state court.[2]

---

[2]The court would note that the Mississippi Supreme Court has held, under circumstances similar to these, that the running of the statute of limitations is tolled during the pendency of a case in federal court. *Boston v. Hartford Acc. & Indem. Co.*, 822 So.2d 239, 248 (Miss. 2002)(overruled on other grounds); *Norman v. Bucklew*, 684 So.2d 1246, 1256 (Miss. 1996).

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

So ordered, this the 15th day of December, 2008.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**